**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **MA BELEN PUGA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **NO. 1:22-cv-00398** |
| **HOME DEPOT U.S.A., INC.**, | ) |
| | ) |
| Defendant. | ) |

**INDEX OF DOCUMENTS**

1. Citation;

2. Plaintiff's Complaint; and

3. Defendant Home Depot U.S.A., Inc.'s Original Answer.



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24832390**
**Date Processed: 04/27/2022**

| | |
|---|---|
| **Primary Contact:** | Quinessa Malcolm<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| **Electronic copy provided to:** | Cathy Copeland<br>Adriane Towns |
| **Entity:** | Home Depot U.S.A., Inc.<br>Entity ID Number  2483807 |
| **Entity Served:** | Home Depot U.S.A, Inc. |
| **Title of Action:** | Puga, Ma Belen vs. Home Depot U.S.A., Inc. |
| **Matter Name/ID:** | Puga, Ma Belen vs. Home Depot U.S.A., Inc. (12234382) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Bernalillo County  District Court, NM |
| **Case/Reference No:** | D-202-CV-2022-01910 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 04/26/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Law Office Of Gabriel S. Perez<br>915-444-5352 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| SUMMONS | |
|---|---|
| District Court: Second Judicial District Court of New Mexico, Bernalillo County, NM<br>Court Address: 400 Lomas NW<br>    Albuquerque, NM 87103<br>Court Telephone No.: (505) 841-8400 | Case Number: D-202-CV-2022-01910<br><br>Assigned Judge: ~~Denise Varela-Shepherd~~<br>Barela-Shepherd, Denise |
| Plaintiff:     Ma. Belen Puga<br><br>v.<br><br>Defendant:    Home Depot U.S.A., Inc. | Defendant:    Home Depot U.S.A, Inc.<br>Registered Agent: Corporation Service Company<br><br>Address: MCSCI, 726 E. Michigan Dr. Ste, 101<br>        Hobbs, NM. 88240 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Courts address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of ___4/21/2022___, 20___.
KATINA WATSON

SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
    Deputy Clerk

/s/ Gabriel S. Perez
Gabriel S. Perez
Law Office of Gabriel S. Perez
718 Myrtle Ave.
El Paso, TX, 79901
P: (915) 444.5352
F: (915) 671-3836
*Attorney for Plaintiffs*

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.**

# RETURN

STATE OF NEW MEXICO )
                                    )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the \_\_\_\_\_ day of _____, \_\_\_\_\_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____ .

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad

litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____


_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____


_____                                    _____
Judge, notary or other officer                              Official title
authorized to administer oath

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/8/2022 11:54 AM
CLERK OF THE COURT
Catherine Chavez

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT
BERNALILLO COUNTY

MA BELEN PUGA,
    Plaintiff,

Case No. D-202-CV-2022-01910

v.

HOME DEPOT U.S.A., INC.
    Defendants.

## PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

NOW COMES, Ma Belen Puga, by and through her Counsel of Record, Law Office of Gabriel S.. Perez (Gabriel S. Perez), complaining of Home Depot U.S.A., Inc. (herein referred to as Defendant), and in support of her complaint states as follows:

### JURISDICTION, VENUE AND PARTIES

1. Plaintiff Ma. Belen Puga is a resident of Albuquerque, State of New Mexico County of Bernalillo.

2. Defendant, Home Depot U.S.A., Inc., is a For-Profit Domestic corporation registered with the New Mexico Secretary of State to conduct regular business within the State of New Mexico, and may be served through its registered agent, Corporation Service Company, MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, NM. 88240.

3. The acts and omissions complained of herein occurred or were caused to occur in Bernalillo County, State of New Mexico, and therefore venue is proper in this court.

### FACTS RELEVANT TO ALL COUNTS

4. Plaintiff re-alleges Paragraphs 1 through 3 as though fully recited at length herein.

5. On September 19, 2019, Plaintiff was a housekeeper for Kellermeyer, contracted by Defendant Home Depot U.S.A, Inc. when she stepped out of the breakroom at Home Depot and

tripped on a lifted tile at the doorway.

6. On September 19, 2019 Home Depot's employees had actual knowledge of the faulty floor in the entryway of the breakroom.

7. Defendant, Home Depot U.S.A., Inc., at all times complained about herein, had actual control over the employees responsible for the maintenance and clearing of all the floors.

8. As a result of the lifted tile, Plaintiff was made to suffer a left shoulder rotator cuff injury requiring two (2) surgeries.

9. Plaintiff's injuries were a direct result of the actions of Home Depot U.S.A., Inc.

## COUNT ONE -NEGLIGENCE OF HOME DEPOT U.S.A. INC.,

10. Plaintiff re-alleges and incorporates by reference all allegations pled in Paragraphs 1 through 9 above as though the same were specifically pled herein.

11. Defendant, Home Depot U.S.A., Inc., owed Plaintiff a duty to ensure that the premises were free of hazards and did not pose a threat to her safety or well-being given the status of Plaintiff as an employee of a contractor hired by Home Depot U.S.A., Inc. Defendant Home Depot U.S.A., Inc., breached its duty to Plaintiff as a class of individuals whom are expected to regularly visit their establishment for commercial purposes.

12. Defendant Home Depot U.S.A., Inc., owed Plaintiff a duty to properly train, supervise and oversee the agents employed at its stores for which it received a pecuniary gain. Part of the duty includes ensuring the floors are regularly maintained and cleared of hazardous conditions., and the facts clearly indicate that Home Depot U.S.A., Inc, completely disregarded their duty to Plaintiff.

13. As a direct and proximate cause of the negligence of Defendant Home Depot U.S.A., Inc., Plaintiff suffered and seeks recovery for the following:

   a. for all general and special damages and losses in sum according to proof;

  b.  for conscious pain and suffering;
  c.  for loss of income in a sum according to proof;
  d.  for such other and further relief that the court may deem proper.

14. Each of which acts or omissions was other than what a reasonable prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's injuries.

  WHEREFORE, Plaintiff request a judgment against Defendant Home Depot U.S.A., Inc., for damages, sufficient to fully compensate Plaintiff for the injuries described herein, for pre- and post-judgment interest as allowed by law, for costs and for such other and further relief as the Court deems just and proper in law and in equity.

15. Each of which acts or omissions was other than what a reasonable prudent person would have been doing under the same or similar circumstances.

16. WHEREFORE, Plaintiff request a judgment against Defendant Home Depot U.S.A., Inc., for damages, sufficient to fully compensate Plaintiff for the injuries described herein, for pre- and post-judgment interest as allowed by law, for costs and for such other and further relief as the Court deems just and proper in law and in equity.

17. Plaintiff hereby demands trial by jury.

            Respectfully submitted,

            LAW OFFICE OF GABRIEL S. PEREZ, P.L.L.C.

            By: */s/ Gabriel S. Perez*
              Gabriel S. Perez
              718 Myrtle Ave.
              El Paso, TX 79901
              (915) 444-5352
              (915) 671-3836 Facsimile
              gabriel@gabrielsperezlaw.com
              Attorney for Plaintiff

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/8/2022 11:54 AM
CLERK OF THE COURT
Catherine Chavez

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT

Ma BELEN PUGA,
    Plaintiffs,

vs.                                                    No. D-202-CV-2022-01910

HOME DEPOT U.S.A., INC.,
    Defendant.

## Court-Annexed Arbitration Certificate

Law Office of Gabriel S. Perez, PLLC by and through, Gabriel S. Perez, Esq., pursuant to 2nd Judicial District Local Rule 2-603 certifies as follows:

[ ]   This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars exclusive of punitive damages, interest, costs, and attorney fees.

[X]   This party seeks relief other than a money judgment and/or seeks relief in excess of twenty five thousand dollars exclusive of punitive damages, interests, costs and attorney fees.

                      LAW OFFICE OF GABRIEL S. PEREZ, P.L.L.C.

                      By: */s/ Gabriel S. Perez*
                          Gabriel S. Perez
                          718 Myrtle Ave.
                          El Paso, TX 79901
                          (915) 444-5352
                          (915) 671-3836 Facsimile
                          gabriel@gabrielsperezlaw.com
                          Attorney for Plaintiff

I Hereby Certify that the Court-Annexed Arbitration Certificate will be served along with the Complaint for Personal Injuries.

**/s/ Gabriel S. Perez**
GABRIEL S. PEREZ, ESQ.

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

STATE OF NEW MEXICO

No. D-202-CV-2022-01910
Hon. Denise Barela-Shepherd

| | |
|---|---|
| MA BELEN PUGA, | § |
| Plaintiff, | § |
| vs. | § |
| HOME DEPOT U.S.A., INC., | § |
| Defendants. | § |

### DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE:

COMES NOW Home Depot U.S.A., Inc. ("Home Depot"), Defendant in the above-entitled action, and files this its Answer to Plaintiff's Complaint for Personal Injury Damages (the "Complaint") and would respectfully show the Court as follows:

### I.
### ANSWER

1. Home Depot is without sufficient knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in Paragraph 1 of the Complaint, and therefore denies same and demands strict proof thereof.

2. Home Depot admits that it is a foreign for-profit corporation. Home Depot is without sufficient knowledge or information sufficient to enable it to admit or deny the

remaining allegations of material fact contained in Paragraph 2 of the Complaint, and therefore denies same and demands strict proof thereof.

3. Home Depot is without sufficient knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in Paragraph 3 of the Complaint, and therefore denies same and demands strict proof thereof.

4. Home Depot is without sufficient knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in Paragraph 4 of the Complaint, and therefore denies same and demands strict proof thereof.

5. Home Depot is without sufficient knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in Paragraph 5 of the Complaint, and therefore denies same and demands strict proof thereof.

6. Home Depot is without sufficient knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in Paragraph 6 of the Complaint, and therefore denies same and demands strict proof thereof.

7. Home Depot denies the allegations of material fact contained in Paragraph 7 of the Complaint, and therefore demands strict proof thereof.

8. Home Depot denies the allegations of material fact contained in Paragraph 8 of the Complaint, and therefore demands strict proof thereof.

9. Home Depot denies the allegations of material fact contained in Paragraph 9 of the Complaint, and therefore demands strict proof thereof.

10. Home Depot denies the allegations of material fact contained in Paragraph 10 of the Complaint, and therefore demands strict proof thereof.

11. Home Depot denies the allegations contained in Paragraph 11 of the Complaint, and all of its subparts, and therefore demands strict proof thereof.

12. Home Depot denies the allegations contained in Paragraph 12 of the Complaint, and therefore demands strict proof thereof.

13. Home Depot denies the allegations contained in Paragraph 13 of the Complaint, and all its subparts, and therefore demands strict proof thereof.

14. Home Depot denies the allegations contained in Paragraph 14 of the Complaint, and therefore demands strict proof thereof.

15. Home Depot denies the allegations contained in Paragraph 15 of the Complaint, and that Plaintiff is not entitled to damages, therefore demands strict proof thereof.

16. Home Depot denies the allegations contained in Paragraph 16 of the Complaint, and that Plaintiff is not entitled to damages, therefore demands strict proof thereof.

17. Home Depot agrees with Plaintiff's request for a trial by jury contained in Paragraph 17 of the Complaint.

18. Home Depot denies that Plaintiff is entitled to any of the relief for which she prays.

## II.
## AFFIRMATIVE DEFENSES

19. Home Depot denies that it was in any way or manner negligent or that it caused or contributed to Plaintiff's injuries, if any.

20.     Home Depot denies that it owed any legal duty to Plaintiff with regard to the allegations contained in Plaintiff's Complaint and Plaintiff is therefore not entitled to recover herein.

21.     Any negligence on the part of Home Depot, if any, was less than the negligence of Plaintiff; such negligence on the part of Plaintiff was greater than or equal to any alleged negligence on the part of Home Depot and Plaintiff's negligence should bar or reduce any recovery on the part of Plaintiff against Home Depot.

22.     Plaintiff's claims fail to state a claim upon which relief can be granted.

23.     Plaintiff's damages, if any, were brought about by a supervening or intervening cause for which Home Depot is not responsible.

24.     Plaintiff's claims are barred by the doctrine of assumption of the risk and therefore Plaintiff is not entitled to recover herein.

25.     Home Depot pleads that punitive damages are barred and/or limited in accordance with the United States Constitution and any applicable statutes of the State of New Mexico.

WHEREFORE, Defendant Home Depot U.S.A., Inc. respectfully prays that Plaintiff take nothing by this action, and that Defendant Home Depot U.S.A., Inc. be dismissed with its costs and with any and all other relief to which it may be justly entitled.

Respectfully submitted,

**Gordon Rees Scully Mansukhani LLP**

By: */s/ P. Saxon Guerriere*
**P. SAXON GUERRIERE**
State Bar No. 151102
sguerriere@grsm.com
**JASON J. IRVIN**
State Bar No. 25825
jirvin@grsm.com
**THEODORE C. YARBROUGH**
State Bar No. 159748
tyarbrough@grsm.com
500 Marquette Avenue NW, Suite 1200
Albuquerque, NM 87102
(505) 998-9008 Telephone
(505) 933-8485 Facsimile

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served, via the Court's Odyssey E-filing system, on all counsel of record on this 26th day of May, 2022.

*/s/ P. Saxon Guerriere*
P. Saxon Guerriere